[Civ. No. 1003.   Fourth Appellate District.—March 22, 1933.]

JOHN GETTY, Appellant, v. W. A. GETTY, as Trustee, etc., et al., Respondents.

J. S. LePage for Appellant.

Julius Smidt for Respondents.

VAN ZANTE, J., *pro tem.*—This is an appeal from a judgment of dismissal entered after an order sustaining a demurrer to the amended complaint without leave to amend.

The property involved in this action is 240 acres of land in Hanson County, South Dakota. It appears in the amended complaint that in its final decree made on the thirty-first day of March, 1917, the County Court of Hanson County, South Dakota, distributed this property to the defendants in accordance with the provisions of a will. Apparently the jurisdiction of the court or the validity of the decree was never questioned until the nineteenth day of November, 1929, when the plaintiff filed his original complaint herein. The plaintiff now contends that in ac-

520

cordance with the provisions of the will this property should have been distributed to him.

One of the several grounds of the demurrer was that the trial court had no jurisdiction of the subject matter of the action. We think the ruling of the trial court in sustaining the demurrer without leave to amend on the ground that it had no jurisdiction of the subject matter of the action was correct. "Lying at the very base of the controversy, and first to be decided, is the validity of the claim of the appellants that the decree attempts to adjudicate interests in property situated beyond the territorial jurisdiction, and that the courts of this state are without power. to make such adjudication. That the courts of California cannot make a decree which will operate to change the title to real or personal property beyond the territorial limits of this state is conceded on all hands." (*Title Insurance & Trust Co.* v. *California Development Co.*, 171 Cal. 173, 197 [152 Pac. 542, 553].) "Appellant's first contention is unquestionably correct. That the courts of one state cannot make a decree which will operate to change or directly affect the title to real property beyond the territorial limits of its jurisdiction must be conceded. The doctrine that a court, not having jurisdiction of the *res*, cannot affect it by its decree is firmly established." (*Taylor* v. *Taylor*, 192 Cal. 71, 76 [218 Pac. 756, 758, 51 A. L. R. 1074].) "In fact, the filing of such an action in a county other than that in which is situated the real property involved is so completely a nullity that the venue cannot be changed to the county in which the property lies, for no court can have jurisdiction of such an action unless it was *commenced* in the county where the land is situated." (*Maguire* v. *Cunningham*, 64 Cal. App. 536, 542 [222 Pac. 838, 840].)

A further ground upon which the defendants demurred to the amended complaint was that it did not state facts sufficient to constitute a cause of action. The demurrer was properly sustained on this ground. Indeed the only language in the will under which plaintiff claims, or possibly could claim any interest in the property involved, other than nominating him an executor of the will, is found in the seventh paragraph and reads in part as follows: "SEVENTH: All the rest, residue and remainder of my estate, of whatsover kind or nature, whether real, personal or

mixed, and wheresoever situated, I give, devise and bequeath to my said husband, John Getty, if he shall survive me, and if he shall not survive me then to the LONG BEACH SAVINGS BANK AND TRUST COMPANY of the city of Long Beach, State of California, BUT IN TRUST, however, for the following uses and purposes, that it to say: To hold, manage, invest and reinvest the same, and out of the proceeds therefrom:'' (Then follow several specific directions to pay the proceeds to relatives other than appellant.) Manifestly, appellant has no interest in the property distributed under the provisions of the will.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.